[713 NYS2d 286]

In the Matter of MARC ALAN GLASSBERG, an Attorney, Resignor.

Second Department, August 28, 2000

### APPEARANCES OF COUNSEL

*Grace D. Moran*, Syosset (*Nancy A. Bolger* of counsel), for Grievance Committee for the Tenth Judicial District.

*Marc Alan Glassberg*, St. James, resignor *pro se.*

### OPINION OF THE COURT

Per Curiam.

Marc Alan Glassberg has submitted an affidavit, dated May 8, 2000, wherein he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9). Mr. Glassberg was admitted to the practice of law at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 10, 1985.

Mr. Glassberg acknowledges that he is the subject of an ongoing investigation and that the Grievance Committee would recommend the commencement of a disciplinary proceeding against him based on the charges of professional misconduct under investigation. Mr. Glassberg avers that he was retained to represent Salvatore and Ann Cioffi in the sale of their home. He received $15,000 from the buyers at the time the contract was signed, which was to be held in his escrow account. On or about June 25, 1999, Mr. Glassberg deposited $15,000 into his Citibank IOLA account. Between the time of deposit and the time of closing on September 23, 1999, Mr. Glassberg failed to preserve those funds in his IOLA account, or in any other escrow account. As a result, Mr. Glassberg was unable to remit to his clients all of the proceeds to which they were entitled at the closing. Mr. Glassberg subsequently replaced the money that he failed to preserve in his IOLA account.

Mr. Glassberg avers that his resignation is voluntarily and freely tendered and that he is not being subjected to coercion or duress. He has discussed his decision to resign with an attorney and others whose advice and counsel he respects and has voluntarily chosen to act as his own counsel. He is fully aware of the implications of submitting his resignation, including that he is barred by Judiciary Law § 90 and the Court rules from seeking reinstatement as an attorney for at least seven years.

Mr. Glassberg acknowledges that he cannot successfully defend himself on the merits against any disciplinary charges which the Grievance Committee would initiate. His resignation is submitted subject to any application made by the Grievance Committee pursuant to Judiciary Law § 90 (6-a) to direct that he make restitution and reimburse the Lawyers' Fund for Client Protection. He acknowledges the continuing jurisdiction of the Court to make such an order and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee submits that Mr. Glassberg made restitution directly to his clients in the full amount of $15,000. Mr. Glassberg has acknowledged the continuing jurisdiction of the Court should the right to additional restitution be established in the future.

As Mr. Glassberg's resignation complies with the pertinent Court rules, the Grievance Committee recommends its acceptance.

Under the circumstances, the proffered resignation is accepted. Mr. Glassberg is disbarred, and his name is stricken

from the roll of attorneys and counselors-at-law, effective immediately.

BRACKEN, J. P., O'BRIEN, RITTER, SANTUCCI and FLORIO, JJ., concur.

Ordered that the resignation of Marc Alan Glassberg is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Marc Alan Glassberg is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Marc Alan Glassberg shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Marc Alan Glassberg is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.